IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 09-cv-01358-WDM-CBS

PAM MCCROSKEY,
Plaintiff,

v.

ALLSTATE INSURANCE COMPANY, and
JOHN DOES 1–5,
Defendants.

---

ORDER

---

This case is before me on Plaintiff's Motion in Limine to Exclude Testimony of

James Poggio ("Poggio").  (ECF No. 57)  For the reasons that follow, I shall grant the

Motion in part and deny in part.

BACKGROUND

Plaintiff seeks to exclude the testimony of Poggio as a sanction against

Defendant pursuant to Fed. R. Civ. P. 37(c)(1)[1] because Allstate failed to provide

Poggio's home contact information in its Fed. R. Civ. P. 26(a)(1) disclosures, as

required.  She also seeks to exclude Poggio's testimony as a sanction pursuant to Fed.

R. Civ. P. 30(d)(2)[2] because Poggio failed to appear for his scheduled and noticed

---

[1] Fed. R. Civ. P. 37(c)(1) provides in pertinent part that: "if a party fails to provide information or identify a witness as required by Rule 26(a) and (e), the party is not allowed to use that information or witness to supply evidence . . . at trial, unless such failure was substantially justified or harmless."  *Id.*

[2] Fed. R. Civ. P. 30(d)(2) provides in pertinent part that "the Court may impose an appropriate sanction . . . on a person who impedes, delays or frustrates the fair examination of a deponent."

deposition.  *Id.* at ¶ 6.

 In its Fed. R. Civ. P. 26(a)(1) disclosures, Allstate disclosed Poggio as a representative of Allstate Insurance Company using the company's Englewood, Colorado address.   Defendant's Fed. R. Civ. P. 26(a)(1) disclosures at ¶ 2, ECF No. 57-1.  Allstate did not ever amend its initial disclosures with Poggio's home address until it listed Poggio as a may call witness in the May 20, 2010 Final Pretrial Order.  Final Pretrial Order at 9, ECF No. 27.  This disclosure was made several months after the noticed date of the deposition.  Until then, there was no obvious information that Poggio was not an Allstate employee throughout discovery.

Unbeknownst to Plaintiff, Poggio was an agent of Pilot Adjustors Inc., with which Allstate contracted to adjust Plaintiff's claim.  When Plaintiff expressed a desire to depose Poggio, Defense counsel contacted Pilot Adjustors Inc.'s counsel to clear the request.  *See* Email string, ECF No. 67-1.  Pilot Adjustors Inc.'s attorney permitted Defense counsel to contact Poggio directly.  *Id.*  Defense counsel provided Poggio with Plaintiff's counsel's full contact information.  Email, ECF No. 67-2.  Poggio emailed Plaintiff's counsel, directly, with his demand for payment for his deposition preparation, his appearance, and travel costs.  ECF No. 67-3.

When Plaintiff's counsel received the unsolicited email from Poggio, she telephoned Defendant's counsel to tell him that she had been contacted directly by Poggio.  Plaintiff's counsel states that Defendant's counsel assured her that he would contact Poggio and address the situation.  Motion at ¶ 8, ECF No. 57.  Defendant's counsel denies that this occurred.

Plaintiff appears to have discovered, independently, that Poggio was not an

2

Allstate employee and received his demands by email, prior to the deposition date. The exhibits do not reveal that Poggio provided Plaintiff's counsel with his home address nor do they show that Plaintiff's counsel asked him for his address.  *See* Poggio Email, ECF No. 67-3.   Apparently, counsel became aware that Poggio was in Port Charlotte, Florida because she noticed the deposition to take place in that city.  Notice of Deposition of James Poggio, ECF No. 67-4.  Both attorneys flew to Florida and appeared for Poggio's deposition on February 25, 2010.  Poggio did not appear.  *Id.* at ¶10; *see also* Cert. of Non-Appearance, ECF No. 57-4.

## DISCUSSION

Plaintiff argues that had she been given accurate home address information for Poggio, she could have subpoenaed Poggio to the deposition.  Mot. at 3, ECF No. 57.  Because Allstate failed to properly disclose Poggio, she states that she has been severely prejudiced by Poggio's failure to appear.  *Id.* at 3.

Allstate responds (ECF No. 67) that Poggio was never its employee and that it has no control over him.  It states that at no time did it say that Allstate's counsel guaranteed Poggio's appearance at the deposition.  Resp. at 3-4, ECF No. 67. In sum, Allstate disclaims all responsibility for Poggio and argues that it should not be punished for his having failed to appear at the deposition.  *Id.* at 5.

Both parties are at fault, here.  Allstate identified Poggio as its representative and gave Allstate's Colorado business address as his address.  It did not supplement its disclosures as required by Fed. R. Civ. P. 26(e).  Allstate had Poggio's contact information a couple months before February 1, 2010 but did not share it with Plaintiff's counsel.  February 1, 2010  Diel email, ECF No. 67-1.

Plaintiff's independent discovery of Poggio's location in Florida does not relieve Allstate of the responsibility of properly identifying its potential witnesses.  The Rule 26(a)(1) disclosure obligation is to disclose the name, address and telephone number of each individual whom the party expects to use in trial or pretrial for any purpose other than impeachment to support its claims or defenses. It is insufficient to identify witnesses as "employees or representatives of the defendant." *Moore's Fed. Practice* at § 26.22[4][a] (citing *Hernandez-Torres v. Intercontinental Trading*, 158 F.3d 43, 49-50 (1st Cir. 1998)). The disclosing party must provide a brief description of the subject matter of the information that the witness has, as well.  *Moore's Fed. Practice* , § 26.22[4][a][iii].

Under Fed. R. Civ. P. 26(e) the parties have a duty to supplement disclosures. The allowance of supplemental disclosures is weighed against the importance of the testimony or evidence; the prejudice to the opposing party arising from allowance, the possibility of curing prejudice with granting a continuance, and explanation, if any for the party's failure to comply with the duty to supplement.  *Moores Fed. Practice* , § 26.132[2].

Pursuant to Fed. R. Civ. P. 37(c)(1), a party who "fails to provide information . . . about a witness, as required by Fed. R. Civ. P. 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence . . .  at trial unless the failure was substantially justified or is harmless."  *Id.*  Instead of this penalty, I may impose other appropriate sanctions. *See* Fed. R. Civ. P. 37(c)(1) (A), (B), & (C).

Plaintiff bears her own part of the fault in failing to subpoena Poggio and in not providing him with the required appearance fee or mileage fee, prior to the date of the

4

deposition.  Fed. R. Civ. P. 45(b)(1).  In addition, it has been over a year since the deposition date and Plaintiff sought no relief prior to filing this Motion in Limine on February 28, 2011, even though Poggio was listed as a witness (revealing his Port Charlotte, Florida address) on the Pretrial Order on May 20, 2010.

Fed. R. Civ. P. 30(d)(2) provides in pertinent part that "[t]he Court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays or frustrates the fair examination of a deponent."

What was frustrated here was the pretrial deposition, a frustration that Plaintiff never sought to cure.  There must be a sanction for Defendant's not making it clear that Poggio was not an employee of Allstate and failing to reveal his home address until after the close of discovery.  A sufficient sanction must cure any prejudice to Plaintiff

Accordingly, I ORDER that, if Allstate intends to call Poggio, it shall make Poggio available in Denver, Colorado for deposition at no cost to Plaintiff before Poggio testifies at trial.

DATED at Denver, Colorado, on March 16, 2011.

BY THE COURT:

_____
s/ Walker D. Miller
United States Senior District Judge